```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

KINDRA O'BRYANT;
BRIAN FLANDERS; and
ARTIE PEOPLES
        *Plaintiffs,*

        v.

SHERIFF GILBERT WILSON
"WHIP"; SHERIFF DEPUTY T.
NICHOLS; and SHERIFF DEPUTY
GURKIN
        *Defendants.*

1:17-cv-07752-NLH-AMD

**OPINION & ORDER**

**APPEARANCES**:

Kindra O'Bryant
1320 Chase Street
Camden, NJ 08104

    *Plaintiff appearing Pro Se*

Brian Flanders
1320 Chase Street
Camden, NJ 08104

    *Plaintiff appearing Pro Se*

Artie Peoples
1214 N. 33rd Street
Camden, NJ 08105

    *Plaintiff appearing Pro Se*

Howard Lane Goldberg, Esq.
Krista Schmid, Esq.
Office of Camden County Counsel
520 Market Street
Courthouse – 14th Floor
Camden, NJ 08102-1375

    *Representing Defendants*

**HILLMAN**, District Judge

WHEREAS, on June 16, 2020, the Third Circuit Court of Appeals affirmed in part, vacated in part, and remanded for further proceedings the above-captioned matter after Plaintiffs appealed a ruling by the late Honorable Jerome B. Simandle dismissing their Complaint. See O'Bryant v. N.J. Div. of Child Prot. & Permanency, 818 F. App'x 143, 144 (3d Cir. 2020); and

WHEREAS, also on June 16, 2020, this matter was reassigned to this Court from the docket of Judge Simandle (ECF No. 52); and

WHEREAS, on July 20, 2020, all Defendants except the Camden County Sheriff Defendants again filed a Joint Motion to Dismiss Plaintiffs' Complaint (ECF No. 57); and

WHEREAS, upon review of Defendants' renewed Motion, Plaintiffs' Opposition, and Defendants' Reply, this Court determined Moving Defendants were entitled to qualified immunity and granted their Motion to Dismiss on February 22, 2021 (ECF Nos. 67, 68); and

WHEREAS, on June 12, 2021, Camden County Sheriff Defendants filed a renewed Motion to Dismiss (ECF Nos. 69, 70); and

WHEREAS, upon consideration of Plaintiffs' Opposition to said Motion (ECF No. 71), this Court granted the motion on August 11, 2022 (ECF No. 74), finding the Camden County Sheriff Defendants were entitled to qualified immunity and the claims

against them in their individual capacities must be dismissed but granting Plaintiffs thirty (30) days to amend their Complaint (ECF No. 73); and

WHEREAS, the deadline for Plaintiffs to cure the deficiencies in their Complaint was September 12, 2022; and

WHEREAS, Plaintiffs have failed to file an Amended Complaint in accordance with this Court's Order dated August 11, 2022 (ECF No. 74); and

WHEREAS, the court's August 11, 2022 Order specifically warned Plaintiffs that failure to comply with the directive to timely amend "shall result in dismissal with prejudice" (ECF No. 74); and

WHEREAS, to the extent Plaintiffs' most recent filing (ECF No. 75) seeks an extension of time to file an appeal, the instant ruling constitutes a final judgment, thereby triggering the appeal clock in accordance with Fed.R.Civ.P. 4(a)(1)(A) ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."); and,

WHEREAS, to the extent Plaintiffs' most recent filing (ECF No. 75) seeks recusal of the undersigned on the basis of an adverse ruling, the same is insufficient to warrant relief. See Gilliam v. Cavallaro, No. 22-1458, 2023 U.S. App. LEXIS 4270, at

*9 (Feb. 23, 2023) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal.") (quoting Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000)) (cleaned up).

THEREFORE, it is on this 17th day of May, 2023,

**ORDERED** that this matter be, and the same hereby is, DISMISSED in its entirety WITH PREJUDICE; and it is further

**ORDERED that** the Clerk of Court shall mark this matter CLOSED.

At Camden, New Jersey

/s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.